UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| R. SORRELS, as Trustee of the RCJS Trust,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>Defendants. | No. 3:15-cv-05146-RJB<br><br>ORDER ON JPMORGAN CHASE BANK, N.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS |

THIS MATTER comes before the Court on JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Judgment on the Pleadings (Dkt. 13). Plaintiff, R. Sorrels ("Mr. Sorrels"), did not file any opposition to the motion. The Court has considered the motion and the remainder of the file therein.

I. BACKGROUND

Before Mr. Sorrels commenced the present action to restrain the foreclosures of the two Deeds of Trust encumbering the subject property, located at 460 E. Sherwood Creek Rd, Allyn, Washington, 98524 (the "Property"), and for other relief.

Timothy Tworzydlo and Constance Tworzydlo (the "Tworzydlos") formerly owned the Property. In 1998 and 1999, the Tworzydlos signed two promissory notes and secured their payment of the notes by executing two respective Deeds of Trust against the Property.

ORDER — 1

Defendant, Chase, is implicated in only one of the deeds of trust (the "Deed of Trust"), executed in 1998. *See* Dkt. 1-2.

    a. *The Deed of Trust*

On August 31, 1998, the Tworzydlos executed a promissory note (the "Promissory Note") to Advanta National Bank USA ("Advanta") for a home equity credit limit of $39,000.00, secured by the Deed of Trust, which was recorded on September 4, 1998. Dkt. 13, at 22-38. The Promissory Note was indorsed to Bankers Trust Company of California, N.A., as custodian or trustee, and later to Chase, in an Allonge to Mortgage Note. *Id*., at 39, 40.

On February 2, 2009, Advanta executed an Assignment of Deed of Trust recorded in Mason County, Washington on February 12, 2009, assigning the Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank"). *Id*., at 42-43.

On June 20, 2013, Chase executed an Affidavit of Missing or Incomplete Assignment recorded in Mason County, Washington, under Auditor's File Number 2027734, on July 24, 2014, stating that "it appears there is a gap in the chain of assignment of the Security of [Deutsche Bank] as custodian or trustee and [Chase]" and that "such assignment(s) either were never completed or, if completed, were never recorded…such assignment(s) cannot now be obtained." *Id*., at 45-50. Although Chase is now in possession of the Promissory Note and the collateral file for the loan, no recording appears to exist assigning the Deed of Trust from Deutsche Bank to Chase. *Id*., at 39, 45-50.

On January 6, 2014, Chase executed an Appointment of Successor Trustee, appointing Northwest Trustee under the Deed of Trust. *Id*., at 52. Northwest Trustee executed a Notice of Trustee's Sale of the Property on February 23, 2015, setting a Trustee's Sale date of June 26, 2015, to foreclose on the Deed of Trust. *Id*., at 61-66.

ORDER — 2

The Tworzydlos transferred their interest in the Property to Mr. Sorrels on October 22, 2014, by executing a quit claim deed, which was recorded on November 5, 2014. Dkt. 13, at 54-59. A second quit claim deed for the Property was executed and recorded on December 2, 2014. *Id*. Prior to the Tworzydlos' quit claim deed assigning their interest in the Property to Mr. Sorrels, the Tworzydlos named their debt to Chase in bankruptcy actions. W.D.Wa. Case Nos. 05-46457; 13-42853, Dkt. 7.

   *b. State court proceedings*

On November 25, 2014, Mr. Sorrels filed a complaint in Mason Superior Court against Northwest Trustee to restrain sale of the Property. Dkt. 7-1. That court issued an Order Restraining Northwest Trustee's Sale of the Property, which pertained only to the other deed of trust (thus not implicating Chase). Northwest Trustee's foreclosure action under the Deed of Trust at issue in this Order was not addressed in state court proceedings because the Northwest Trustee's action had not yet been initiated at that time. *See* Dkt.13, at 61-66, 72, 73.

On January 26, 2015, Northwest Trustee filed a motion to dismiss, or in the alternative, to require Mr. Sorrels to join U.S. Bank, Green Tree, and the Tworzydlos as co-defendants. Dkt. 7-2, at 2-37. On February 18, 2015, prior to the hearing on Northwest Trustee's motion, Mr. Sorrels filed an Amended Complaint, also naming Chase. *Id*., at 55-61. The Amended Complaint names Chase in Count III ("Quiet Title"), alleging that Chase does not have a valid interest in the Deed of Trust because Chase "does not hold a proper assignment." Dkt. 1-2, at 5. In his Amended Complaint, Mr. Sorrels requests the Court to declare that Chase does not hold a legal interest in the Property and to enjoin its foreclosure. *Id*. On March 10, 2015, Chase removed this case to federal court. Dkt. 1.

II. STANDARD OF RELIEF

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

General speaking, on a motion under Rule 12(b)(6) or 12(c), when matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. However, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688; *Cooper v. Bell,* 628 F.2d 1208, 1210 n. 2 (9th Cir.1980); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may also take judicial notice of matters of public record. *Lee*, 250 F.3d 688–89. A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court has confined itself to

plaintiff's verified amended complaint; exhibits attached thereto; and matters of public record, which the parties in this case have submitted, including Deeds of Trust, Assignments of Deed of Trust, Notices of Trustee's Sales, and promissory notes. The Court has considered no other matters and, therefore, need not treat Chase's motion for judgment on the pleadings as one for summary judgment.

III. DISCUSSION

Chase makes multiple arguments in its motion for judgment on the pleadings: Mr. Sorrels lacks standing under the Deed of Trust Act to complain about the foreclosure because he is neither a borrower nor a grantor; Mr. Sorrels does not challenge Chase's possession of the Promissory Note, and as the holder of the note, Chase is entitled to foreclose on the Deed of Trust; Mr. Sorrels should be judicially stopped from challenging Chase's authority to enforce the debt because of the Tworzydlos' bankruptcy admissions; Mr. Sorrels is a third party to the assignment of the deed of trust and thus lacks standing to challenge it; Mr. Sorrels cannot seek to quiet title because there is an outstanding lien on the Property, namely, Chase's Promissory Note; Mr. Sorrels has not pled sufficient facts to support his claim that the legal description attached to the Deed of Trust is incorrect; and Mr. Sorrels has no basis to enjoin foreclosure of the Property on the basis that it was principally used for agricultural purposes, because the Deed of Trust specifically rules out agricultural use. Dkt. 13, at 11-18.  Mr. Sorrels makes no argument in response.

Because Chase challenges the pleadings, the Court will address the allegations as pled by Mr. Sorrels, who seeks: (1) a declaratory judgment as to Chase's legal interest in the Property and (2) an injunction preventing foreclosure on the Property. Dkt. 1-2.

A. *Declaratory Judgment*

Mr. Sorrels asks for a declaratory judgment that Chase has no legal interest in the Property, on the basis that "[Chase] does not hold a proper assignment [of the Deed of Trust]." Dkt. 1-2, at 5. However, Mr. Sorrels is, himself, a stranger to the Deed of Trust and thus lacks standing to challenge the assignment.

Under Washington's Declaratory Judgment Act, courts are authorized to "declare rights, status and other legal relations." *Nollette v. Christianson,* 115 Wn.2d 594, 598, 800 P.2d 359 (1990). Absent major issues of public importance, a justiciable controversy must exist before a court's jurisdiction may be invoked under the act. *Kitsap County v. Smith,* 143 Wn.App. 893, 902–903, 180 P.3d 834 (2008). Under the Deed of Trust Act, borrowers and grantors have standing to seek civil relief, including declaratory relief, because of their financial stake in the loan transaction. RCW 61.24.127(1). In contrast, third parties to deeds of trust lack standing, because "the point of the Deed of Trust Act is to protect borrowers from harsh practices by lenders during non-judicial foreclosures." *Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1206-07 (W.D. Wash. 2013), citing to *Walker 1207 v. Quality Loan Serv. Corp.,* 176 Wn.App. 294 (Div.1, 2013).

In this case, the Tworzydlos are the "borrowers" as legislated by the Deed of Trust Act, because they owe the debt on the Promissory Note, and by executing the Deed of Trust, they are also the "grantors." *See Umpqua Bank v. Santwire*, 175 Wn.App. 1068 (Div. 1, 2013), citing to *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wn.2d 83, 92–93 (2012). Mr. Sorrels is neither. The Complaint does not allege, and the quit claim deeds contain no language to suggest, that Mr. Sorrels either was a signatory to the debt or had been indorsed or assigned any financial obligation relating to the Property. *See Mut. Sec. Fin. v. Unite*, 68 Wash. App. 636, 641(Div. 1

1993), citing to *Nielson v. Crossett,* 3 Wash.2d 537, 540–41 (1940). Instead, assuming the legitimacy of either or both of the quit claim deeds, Mr. Sorrels has claim only to the Property's title. Although ordinarily title to property and debt as to that property go hand in hand, title and debt should not be conflated; each gives rise to different rights and liabilities. *Unite*, 68 Wn.App. at 639-41. Title to the Property, without any corresponding financial liability as to the debt, does not give Mr. Sorrels standing to challenge the Deed of Trust. *See, e.g., Robertson*, 982 F. Supp. 2d at1207. Therefore, Mr. Sorrels' request for declaratory action should be dismissed for lack of standing.

    B.  *Injunctive Relief*

In his Amended Complaint, Mr. Sorrels requests injunctive relief to preclude foreclosure of the Property. Dkt. 1-2. It appears that Mr. Sorrels seeks this injunctive relief because of the allegedly improper assignment of the Deed of Trust. *See id*. However, as discussed, Mr. Sorrels lacks standing to challenge the Deed of Trust. *See infra*. Notwithstanding Mr. Sorrels' lack of standing, Chase, as a holder of the Note, was entitled to foreclose on the Deed of Trust as a holder of the Note. *Trujillo v. Nw. Tr. Servs., Inc.*, 181 Wn.App. 484, 500-01 (Div. 1, 2014). Under Washington law, the security (Deed of Trust) follows the debt (the Promissory Note), so regardless of the Deed of Trust's assignment, Chase could enforce the debt as holder of the Promissory Note. *Unite,* 68 Wn.App. at 636 ("the promissory note was secured by the deed of trust ... and ... assignment of the note ... carried with it the deed of trust"). *See also, In re Allen*, 472 B.R. 559, 569 (B.A.P. 9th Cir. 2012). Mr. Sorrels' request for injunctive relief should be dismissed.

\* \* \*

THEREFORE, it is hereby **ORDERED** that:

1. Defendant's motion for judgment on the pleadings (Dkt. 13) is **GRANTED**;

2. All claims against JPMorgan Chase Bank, N.A. are **DISMISSED** with prejudice; and

3. Each party shall bear its own fees and costs.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of June, 2015.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER — 8