**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| R. SORRELS, TRUSTEE OF THE RCJS TRUST,<br><br>        Plaintiff,<br><br> vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; U.S. BANK, NATIONAL ASSOCIATION; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>        Defendants. | NO. 15-CV-05146-RJB<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENTS AND TO RESTRAIN TRUSTEE SALE |

THIS MATTER comes before the Court on a motion by Plaintiff to set aside two judgments and to restrain a trustee sale by JP Morgan Chase Bank, NA ("Chase Bank"). Dkt. 27. Plaintiff's request to set aside two judgments references conflicting dates and docket numbers, but by Plaintiff's description, it appears that Plaintiff seeks relief from the Court's Order on Chase Bank's Motion for Judgment on the Pleadings (Dkt. 25, June 17, 2015) and Order on Plaintiff's Motion to Restrain Trustee Sale (Dkt. 25, June 22, 2015). The Court has considered Chase Bank's response and the remainder of the file herein. Dkt. 31.

RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Chase Bank filed its motion for judgment on the pleadings ("Chase Bank's motion") on April 16, 2015. Dkt. 13. Plaintiff's response to the motion was due on May 4, 2015. *See* LCR 7. Plaintiff did not file a timely response to Chase Bank's motion because Plaintiff did not receive service of the motion, due to a technology glitch. Dkt.

27-3. On May 22, 2015, Plaintiff's counsel first became aware of Chase Bank's motion when communicating with defense counsel about a joint status report. Dkt. 27-3, ¶3.

In the joint status report, filed on June 1, 2015, Chase Bank represented that its "pending motion for judgment on the pleadings, which Plaintiff did not oppose, will resolve all claims[.]" Dkt. 17, at 3. Plaintiff's counsel stated that he "intends to file a motion, seeking leave to file a late response to Chase's motion for judgment on the pleadings, the basis of which will be more fully set forth in his motion." *Id*. (emphasis added.) Plaintiff did not file a motion to continue or to seek leave to file a late response, and only filed the motion now before the Court, after the ruling on June 17, 2015, dismissing Chase Bank from the case. Dkt. 23.

On June 11, 2015, Plaintiff filed a motion to restrain a trustee sale against Chase Bank, a motion that the Court considered but denied on June 22, 2015. Dkt. 20, 25.

Plaintiff filed this motion on July 16, 2015. Dkt. 27.

DISCUSSION

a. *Motion to Set Aside Judgments*

Plaintiff makes his motion to set aside judgments under Fed. R. Civ. P. 60(b)(1), which provides that a court may relieve a party from a "final judgment, order, or proceeding [on the basis of] . . . mistake, inadvertence, surprise, or excusable neglect." Dkt. 27, at 3. According to Plaintiff, Plaintiff never received service of Chase Bank's motion, due to an ECF glitch, where e-service failed due to an expired email account. *Id*. Furthermore, Plaintiff maintains, Plaintiff was not aware of Chase Bank's motion until May 22, 2015, a date after Plaintiff's deadline to respond. *Id*., at 3, 4. Dkt. 27-2, ¶3. Plaintiff argues that if Plaintiff had been given the opportunity to respond, he would have requested a continuance seeking discovery and would have provided authority contrary authority to the Court's dismissal. *Id*., at 4, 5. Plaintiff then recites several examples of legal arguments he would have made. *Id*., at 6-11.

Plaintiff insists that the circumstances warrant relief because of "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). Excusable neglect may include failure to comply with a filing deadline or omissions due to carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). The Court must consider four factors in its equitable analysis to determine whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith*." Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009)(citing to *Bateman v. U.S. Postal Service*, 231 F.3d 1200, 1222 (2000)).

Applying the factors to this case, the court finds that the equities disfavor Plaintiff. According to Plaintiff, the prejudice is minimal to Chase Bank, because Chase Bank "will get its interest [on the assessed value of the property] one way or another. Dkt. 27, at 4. However, if Plaintiff's motion is granted, Chase Bank will be forced to defend its motion again, to conduct additional discovery at Plaintiff's behest, and to again delay the trustee sale, all of which are costly to Chase Bank. The second factor, the length of the delay and impact on proceedings neither favors nor disfavors either party, because the case is still pending.

The third factor, the reason for delay, cuts against Plaintiff. Plaintiff articulates what could be a legitimate reason for the Court to continue Chase Bank's motion, an ECF glitch, but fails to explain why it took Plaintiff until this motion, filed nearly two months after Plaintiff was first aware of Chase Bank's motion (May 22, 2105), to file any type of response. In the joint status report filed June 1, 2015, Plaintiff explicitly stated that he intended to file a motion to continue seeking leave to file a late response, but he did not do so until the motion now before the Court, filed on July 16, 2015. The fourth factor, good faith by Plaintiff, does not favor Plaintiff because of the unexplained delay in Plaintiff's motion now before the Court. On balance, the equities favor Defendant, not

Plaintiff, and the Court finds that the delay was not excusable neglect. Plaintiff's motion to set aside judgments should be denied.

    b. *Motion to Restrain Trustee Sale*

Plaintiff's motion to restrain the trustee sale is contingent on the Court granting Plaintiff's motion to set aside judgments, because Plaintiff otherwise has no pending cause of action against Chase Bank. *See* Dkt. 23, 25. Because the Court here denies Plaintiff's motion to set aside judgments, Plaintiff's motion to restrain the sale should also be denied.

* * *

THEREFORE, it is hereby ordered that:

    (1) Plaintiff's motion to set aside judgments (Dkt. 23 and Dkt. 25) is DENIED;

    (2) Plaintiff's motion to restrain the trustee sale is DENIED. Dkt. 27.

The Clerk is directed to send uncertified, paper copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of July, 2015.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge